IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUIS ROCHA, )
)
    Plaintiff, )
)
v. ) Civil No. **09-474-CJP**[1]
)
ADRIAN FEINERMAN, )
)
    Defendant. )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Plaintiff Luis Rocha is an inmate in the custody of the IDOC, currently incarcerated at Menard Correctional Center. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights. In his amended complaint, Doc. 5, Rocha alleges that he had surgery on his arm at an outside hospital on July 22, 2008. He alleges that Dr. Feinerman was deliberately indifferent to his serious medical needs thereafter in that he refused to give Rocha a single man cell, an arm brace, and pain medication such as Percocet and Tylenol with Codeine.

Now before the Court is defendant's Motion for Summary Judgment **(Doc. 41)**. Plaintiff was represented by counsel at the time the motion was filed. At plaintiff's request, appointed counsel moved to withdraw. Thereafter, plaintiff filed a pro se response to the motion at **Doc. 51**.

Defendant argues that plaintiff failed to exhaust administrative remedies before filing suit. The facts are fully developed in the record. As there is no dispute as to the facts regarding exhaustion, a hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** is not necessary.

---

[1]This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 24.

1

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

## The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. **See 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor. If the problem is not resolved, the inmate must first submit his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden notifies the inmate in writing of his decision. If the warden denies the grievance, the

inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Administrative remedies are exhausted when the ARB responds to the appeal. **Pozo v. McCaughtry**, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

<u>**Analysis**</u>

Portions of plaintiff's deposition are attached to the motion as Ex. 12. Plaintiff's testimony establishes that he did not exhaust a grievance regarding anything that Dr. Feinerman did or failed to do after his surgery.

Rocha testified that he filed a number of grievances about Dr. Feinerman in 2007 and "up until June of 2008 until I got the surgery." Ex. 12, p. 6. He did not exhaust these grievances by appealing to the ARB. Ex. 12. Pp. 7-8. The only grievance that he had exhausted as of the time of his deposition was a grievance dated February 28, 2008, regarding protective custody. Ex. 12, p. 9.

In his response, Doc. 51, plaintiff does not claim that he exhausted a grievance about Dr. Feinerman's treatment after his surgery. He says that he filed grievances before the surgery, but the response was always to "file sick call." Thus, presumably, plaintiff decided that it was futile to pursue administrative remedies.

Plaintiff's perception that it would be futile to file and exhaust a grievance about Dr. Feinerman's treatment after his surgery does not excuse his failure to exhaust. Exhaustion of administrative remedies is required despite the "inmate's perception that exhaustion would be futile." **Thornton v. Snyder**, **428 F.3d 690, 694 (7th Cir. 2005)**. Further, exhaustion is required despite the fact that the administrative process does not provide for the type of relief sought, i.e., money damages. **Booth v. Churner**, **121 S.Ct. 1819, 1825 (2001)**.

4

Plaintiff also says that he wrote to the warden and spoke to people about his pain issues. These informal communications are not an acceptable substitute for using the established grievance system. Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**. In the Illinois system, exhaustion requires that the prisoner file the appeal *and* give the appeal board an opportunity to decide the appeal. ***Ibid.***

Plaintiff acknowledges that there was a grievance system available to him, and he obviously knew how to use that system. He has not suggested that he was prevented from exhausting a grievance after his surgery. His failure to exhaust administrative remedies requires that defendant's motion be granted. This case must be dismissed without prejudice. **See, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).**

For the foregoing reasons, defendant's Motion for Summary Judgment **(Doc. 41)** is **GRANTED**.

The Clerk of Court is directed to enter judgment dismissing this case without prejudice.

**IT IS SO ORDERED,**

**DATE: March 11, 2011.**

                             **s/ Clifford J. Proud**
                             **CLIFFORD J. PROUD**
                             **UNITED STATES MAGISTRATE JUDGE**