IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUIS ROCHA, )
)
      Plaintiff, )
)
v. ) Civil No. **09-474-CJP**[1]
)
ADRIAN FEINERMAN, )
)
      Defendant. )

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's post-judgment pleading entitled "Defense and Objections," which the Court construes as a Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e). **(Doc. 55).** Defendant filed a response at **Doc. 63.**

Rocha mailed his motion on March 22, 2011, which was within 28 days of the entry of judgment denying his petition. Applying the mailbox rule, see ***Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999)**, the Court considers this to be a timely-filed Rule 59 motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." ***Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).** "The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996).**

---

[1] This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 24.

1

The Court granted defendant's Motion for Summary Judgment because the record demonstrated that plaintiff failed to exhaust administrative remedies as required by **42 U.S.C. § 1997e(a)** before filing suit. The motion for summary judgment was supported by plaintiff's deposition, in which he testified that he did not exhaust a grievance about the events which are the subject matter of this lawsuit.

In his present motion, plaintiff does not point to any error of law or newly discovered evidence. He simply restates an argument that he made earlier in his response to the motion for summary judgment, i.e., that he made "reasonable attempts" to exhaust a grievance. However, the record before Court shows that plaintiff's "attempts" consisted of writing to the warden and speaking to various prison employees about his pain issues. Such informal communications cannot take the place of using the established grievance system. Exhaustion requires that a prisoner "properly take each step within the administrative process." *Pozo v. McCaughtry*, **286 F.3d 1022, 1024 (7th Cir. 2002)**.

Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e) **(Doc. 55)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE:   April 18, 2011.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
